**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Arthur Lee AVERY, Defendant–**
**Appellant.**

**No. 09–10775**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 22, 2009.

Roberta Josephina Bodnar, U.S. Attorney's Office, Orlando, FL, for Plaintiff–Appellee.

Tracy N. Dacruz, Orlando, FL, for Defendant–Appellant.

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Arthur Lee Avery appeals the sentence imposed by the district court following the

---

grant of his motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 706 of the Guidelines, which reduced base offense levels applicable to crack cocaine. As acknowledged by Avery, his argument is foreclosed by precedent. We recently held that neither *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), nor *Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), apply to § 3582(c)(2) proceedings. *U.S. v. Melvin,* 556 F.3d 1190, 1192 (11th Cir. 2009) (holding that *"Booker* and *Kimbrough* do not prohibit the limitations on a judge's discretion in reducing a sentence imposed by § 3582(c)(2) and the applicable policy statement by the Sentencing Commission"). Therefore, the district court is bound by the limitations imposed by § 1B1.10 and lacks the authority to sentence a defendant below the amended guideline range. Accordingly, while Avery has preserved *his Melvin* challenge, we must affirm his sentence.

**AFFIRMED.**